UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CRIMINAL ACTION NO. 06-79-DCR**
**CIVIL ACTION NO. 11-7157-DCR**

**UNITED STATES OF AMERICA**                                               **PLAINTIFF**

**V.**

**DAVID JENNINGS**                                                                        **DEFENDANT**

**REPORT AND RECOMMENDATION**

Defendant's pending 28 U.S.C. § 2255 petition has been referred to the undersigned for preparation of a report and recommendation. For the following reasons, I recommend the petition be denied.

**I. Factual and Procedural History**

In September 2006, defendant was indicted for one count of distribution of cocaine. Doc. 1. In October 2006, defendant pleaded guilty to the cocaine offense and agreed to forfeiture of related property and cash. Doc. 19. In April 2007, defendant was sentenced to 188 months' imprisonment. Doc. 37. Defendant appealed. Doc. 38. On appeal, the United States conceded that the district court erred by sentencing defendant as a career offender. Thus, in August 2008, the United States Court of Appeals for the Sixth Circuit vacated defendant's sentence and remanded the case for re-sentencing. Doc. 57.

On remand, the case was reassigned to United States District Judge Danny C. Reeves. Doc. 58. In November 2008, defendant was re-sentenced to 120 months' imprisonment. Doc. 72. That sentence was above the guideline range of 37-46 months' imprisonment. Defendant

1

again appealed to the Sixth Circuit. In January 2011, the Sixth Circuit affirmed. Doc. 89. *See also* 407 Fed.Appx. 20 (6th Cir. 2011). In February 2011, defendant filed the pending 28 U.S.C. § 2255 petition. Doc. 90. The Court granted plaintiff's motion to require defendant to file a more complete petition. Doc. 96. Defendant complied with that order [*see* Doc. 102], plaintiff has filed a response [Doc. 103], and defendant has filed a reply. Doc. 105. The petition is thus ripe for adjudication.

**II. Analysis**

Defendant raises three arguments, each of which is closely intertwined. First, he contends his counsel was ineffective for failing to "properly make objections to the unreasonable imposed sentence of 120 months . . . ." Doc. 102, p. 4 (emphasis omitted). Second, defendant contends his counsel was ineffective "for not objecting and asserting petitioner's [defendant's] sentence is procedurally and substantively unreasonable because teh [sic] court failed to set forth any reasons for its sentence . . . ." *Id.* at p. 8 (emphasis omitted). Finally, defendant contends his counsel's failure to object "during the 'Bostic' colloquy constitues [sic] ineffective assistance of counsel." *Id.* at p. 12 (emphasis omitted). None of defendant's arguments merit relief.

**A. Standard of Review**

In order to obtain habeas relief under § 2255, a petitioner must demonstrate that his sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . ." 28 U.S.C. § 2255(a). If a § 2255 petitioner claims constitutional error, such as defendant does in the case at hand, he "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the

proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

In order to make a showing of ineffective assistance of counsel, a petitioner must make two showings. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S.668, 687 (1984). A court need not address both prongs if a petitioner fails to make a sufficient showing on either prong. *See, e.g., United States v. DeGroat*, 102 Fed.Appx. 956, 959 (6th Cir. 2004). Finally, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689.

**B. Any Claim that Defendant's Sentence Is Procedurally or Substantively Unreasonable Is Barred**

Although the focus of his § 2255 petition is upon his claims of ineffective assistance of counsel, defendant's petition could generously be construed as containing an underlying argument that his sentence is procedurally or substantively unreasonable because, according to defendant, the trial court did not justify the 120-month sentence with an individualized rationale and only cursorily mentioned 18 U.S.C. § 3553(a) during the re-sentencing hearing.

In affirming defendant's 120-month sentence, the Sixth Circuit specifically rejected defendant's claim that the district court "failed to explain its variance from the guidelines." 407 Fed.Appx. at 21. The Sixth Circuit held that the trial court's failure to repeat its reasons for imposing the 120-month sentence in the written judgment was a harmless error. *Id.* And, finally, the Sixth Circuit held that defendant's "final objection—that his sentence is substantively

unreasonable—fails in light of the legitimate grounds given for this 120–month sentence and in light of the considerable discretion given district courts in fashioning a sentence." *Id.*

"It is . . . well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Thus, defendant may not relitigate the procedural or substantive reasonableness of his sentence in a § 2255 petition.

In addition to the procedural bar, any argument that defendant's sentence is procedurally or substantively unreasonable fails on the merits. The Court explained on the record the reasons why defendant's conduct warranted a 120-month sentence, thereby satisfying the requirement that the sentence be procedurally reasonable. *See, e.g., United States v. Vowell*, 516 F.3d 503, 513 (6th Cir. 2008) (holding that sentence is procedurally reasonable if district court adequately explained reasons for sentence on the record and considered factors set forth in 18 U.S.C. § 3553(a)). And for a sentence to be substantively reasonable, "it must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *Id.* at 512 (quoting *United States v. Ronald Smith*, 505 F.3d 463, 470 (6th Cir. 2007)) (internal quotation marks omitted). The transcript of defendant's re-sentencing demonstrates the Court's discussion of numerous § 3553(a) factors. Doc. 81, p. 13-15 (discussing factors such as the seriousness of the offense, defendant's criminal history, need to protect the public, defendant's need for educational and vocational training, defendant's medical condition, and the need to avoid unwarranted sentencing disparity with similarly situated defendants). In short, the record amply demonstrates

defendant's sentence is both procedurally and substantively reasonable.

## C. Defendant Has Failed to Show He Received Ineffective Assistance of Counsel

Defendant argues that his counsel was ineffective when he failed to argue that defendant's sentence was procedurally and substantively unreasonable. As stated previously, defendant's sentence is neither procedurally nor substantively unreasonable. And defendant's sentence was lawful as it did not exceed the statutory maximum. Indeed, the Sixth Circuit rejected an argument that defendant's sentence was excessive. *See* 407 Fed.Appx. at 22 ("Jennings, however, offers no reason why, based on all of the § 3553(a) factors, his ten-year sentence is too long. . . . Nor can we find one ourselves") (citations omitted). Additionally, the Sixth Circuit held that "[t]he court verbally gave its reasons for the sentence and did so in a way that provided sufficient detail for meaningful appellate review." *Id.* at 21.

Failure to raise a meritless argument does not constitute ineffective assistance of counsel. *See, e.g., Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel."). Thus, defendant's argument that his counsel was ineffective for failing to argue that his sentence was unreasonable–either procedurally or substantively--is without merit.

Finally, petitioner's counsel's failure to raise further objections during the "*Bostic*" portion of the re-sentencing did not mean counsel was ineffective. During the re-sentencing, the Court asked the attorneys "if there is any objection to the sentence imposed or to any of these proceedings under *United States v. Bostic*?" Doc. 81, p. 18. After plaintiff stated it had no objections, the following exchange occurred:

> MR. FESSLER [defendant's attorney]: No other objections other than those
>  already raised and those that will be raised on appeal. Judge, so I'm clear on one

> thing on your ruling, the $100 assessment is just if he hasn't paid? You're not imposing --
> THE COURT: If he's not paid it to this point. From my review of the record, it's not clear that the assessment has been paid. If he's already paid it, then he'll get credit for that. If it hasn't been paid, then it will be due essentially.

*Id.*

Defendant now contends that his counsel's failure to raise objections when asked by the Court meant that counsel "failed to preserve the procedurally [sic] and substantial [sic] errors for a meaningful appellate review . . . ."[1] Doc. 105, p. 10. But as discussed before, counsel is not ineffective for failing to raise meritless objections. And, again, since it is plain that defendant's sentence is neither procedurally nor substantively unreasonable, counsel did not perform ineffectively by failing to raise those meritless arguments. Contrary to defendant's unsupported allegations, his counsel's performance was not so "deficient such that he was not functioning as the counsel guaranteed by the Sixth Amendment." Doc. 105 at p. 11. The record shows that defendant's counsel: lodged an objection to the presentence investigation report, requested that

---

[1]In *Bostic*, the Sixth Circuit announced a new procedural rule:
> requiring district courts, after pronouncing the defendant's sentence but before adjourning the sentencing hearing, to ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised. If the district court fails to provide the parties with this opportunity, they will not have forfeited their objections and thus will not be required to demonstrate plain error on appeal. If a party does not clearly articulate any objection and the grounds upon which the objection is based, when given this final opportunity to speak, then that party will have forfeited its opportunity to make any objections not previously raised and thus will face plain error review on appeal.

371 F.3d at 872-73 (footnote omitted). Though defendant claims his attorney's failure to raise a specific objection in response to the Court's *Bostic* inquiry caused him to be subjected to the plain error rule on appeal, that argument is specious because the Sixth Circuit's opinion does not mention any issues reviewed under the plain error rule. *See* 407 Fed.Appx. 20-22. In short, defendant's attorney's response to the Court's *Bostic* inquiry does not constitute ineffective assistance of counsel.

6

defendant receive drug treatment, noted defendant's lack of trouble while in prison, and asked for a sentence at the low end of the guideline range. Doc. 81 at p. 5-11. Even defendant, when asked by the Court "would you like to add anything to what your attorney has said[,]" replied "No, I think he's done a good job." *Id.* at p. 11.

In short, defendant has failed to show that his counsel was ineffective in any manner. Defendant obviously continues to believe his 120-month sentence is improper, but has failed to demonstrate how that sentence was illegal, improper, unreasonable or achieved due to the ineffective assistance of counsel. Thus, defendant is not entitled to habeas relief.

### III. Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED THAT** the defendant's motion to vacate his sentence [Docs. 90, 102] be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 25th day of May, 2011.


Signed By:
**_J. Gregory Wehrman_**
**United States Magistrate Judge**